In the Matter of ELI H. HELLMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 21, 1972.

*John G. Bonomi* of counsel (*Paul W. Pickelle* with him on the brief), for petitioner.

*Roy M. Cohn* and *Michael Rosen* of counsel (*Saxe, Bacon & Bolan*, attorneys), for respondent.

*Per Curiam.* Respondent, admitted to the Bar December 15, 1965 in the Second Judicial Department, was charged with professional misconduct in that respondent commingled and converted the sum of $5,000 which he was holding in escrow pursuant to the terms of a contract of sale (the Jackler charge). There was a second charge that respondent commingled and converted the sum of $700 which he was holding in escrow pursuant to a separation agreement and, thereafter, falsely represented to counsel for the Committee on Grievances that $500 cash of the funds had been maintained intact between June 6, 1969 and April 12, 1971.

Respondent co-operated with the Committee on Grievances, appearing before it on three separate occasions without counsel. His explanation was that he deposited the checks representing the above sums in a personal account and after such checks cleared respondent withdrew the sums and placed the moneys in a safe-deposit box which he maintained at his home.

With reference to the Jackler charge, litigation ensued between the parties over a claimed breach of contract and a refusal to return the $5,000 to the prospective purchasers of the stock

involved. The matter was settled eventually by payment of $2,500 and retention of the balance, with the consent of respondent's client, as respondent's fee.

As to the second charge, though the escrow moneys were eventually paid to the satisfaction of all parties, the record leaves no doubt that the sum involved was commingled and converted to respondent's personal use, at least in part.

On the record the charges were sustained and the report of the Referee is confirmed.

As the Referee notes, respondent has never before been charged with unprofessional conduct, he seems to have co-operated in appearances before the committee, and no moneys were lost by the parties involved in the transactions. However, the conduct of respondent cannot be condoned or overlooked. Respondent should be suspended from the practice of law for a period of one year.

STEVENS, P. J., McGIVERN, MARKEWICH, NUNEZ and KUPFERMAN, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year effective December 21, 1972.